IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BILLY S. BREWSTER                                                                                    PLAINTIFF

v.                                    NO.  4:04CV00995 WRW/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Billy S. Brewster, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the

Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on chronic foot pain.  (Tr. 89.)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 6, 2004, the date of his decision.  (Tr. 17-18.)  On August 6, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 3-5.)  Plaintiff then filed his complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 44 years old at the time of the hearing.  (Tr. 247.)  He completed the ninth grade in school and had an additional two years of vocational training.  Id.  He has past relevant work as a bus factory supervisor and painter.  (Tr. 12, 76-80.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. He found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 17.) He found that Plaintiff had a "severe" combination of impairments (Tr. 13), a history of diagnosis and/or treatment for bilateral cavus foot deformity, early chronic obstructive pulmonary disease, asthma, allergic rhinitis and obesity, but that he did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 17). He judged that Plaintiff's testimony and allegations regarding the extent of his symptoms, limitations and restrictions were credible only to the extent they were supported by the medical evidence. Id.

The ALJ found that Plaintiff retained the residual functional capacity to perform a wide range of sedentary work. Id. He found that Plaintiff was unable to perform any of his past relevant work. (Tr. 16.)

The ALJ correctly noted that once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. Id. He applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.25, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled. (Tr. 17.) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff argues three main points in support of his contention that the case should be reversed and remanded, but it is only necessary to discuss one of them. Plaintiff challenges the ALJ's use of the Medical-Vocational Guidelines to find that he was not disabled, and asserts that the ALJ should have utilized a hypothetical question to the vocational expert who testified. Plaintiff's point is well taken.

In his Findings, the ALJ indicated:

9.    Considering vocational expert testimony, the claimant's age,

> education, past work experience and residual functional capacity, there are significant numbers of jobs existing in the national economy that the claimant could perform. Section 201.25 of the Medical-Vocational Guidelines <u>also</u> supports a finding that the claimant is not disabled.

(Tr. 17)(emphasis added).

The ALJ had a vocational expert present for the hearing, and asked him to characterize Plaintiff's past relevant work. (Tr. 271-72.) He did not, however, present him with a hypothetical question. <u>Id.</u>

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. <u>Groeper v. Sullivan</u>, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." <u>Thompson v. Bowen</u>, 850 F.2d 346, 349 (8th Cir. 1988). Instead, testimony of a vocational expert must be taken. <u>Groeper</u>, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not <u>significantly</u> diminish the claimant's RFC to perform the full range of activities listed in the guidelines. <u>Thompson</u>, 850 F.2d at 349-350 (emphasis added).

<u>Reed v. Sullivan</u>, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); <u>accord</u>, <u>McGeorge v. Barnhart</u>, 321 F.3d 766, 768-69 (8th Cir. 2003); <u>Holley v. Massanari</u>, 253 F.3d 1088, 1093 (8th Cir. 2001); <u>Holz v. Apfel</u>, 191 F.3d 945, 947 (8th Cir. 1999).

Tyrone T. Lee, M.D., was a pulmonologist to whom Plaintiff was referred by his treating physician. (Tr. 211.) As part of his assessment and plan, Dr. Lee indicated, "This patient has been asked to proceed with complete smoking cessation, discontinue non-steroidal usage and exposure to all scented items." (Tr. 212.) Environmental restrictions are nonexertional impairments. <u>Asher v. Bowen</u>, 837 F.2d 825, 827 n. 2 (8th Cir. 1988); <u>see</u> 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 200.00(e) (2003).

While it may well be that most sedentary jobs do not expose workers to scented items, such a determination is improper without the benefit of further evidence such as the

4

testimony of a vocational expert.  See Sanders v. Sullivan, 983 F.2d 822, 824 (8th Cir. 1992), citing Asher v. Bowen, 837 F.2d 828.

Based on the preceding and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence.  Therefore, the ruling of the Commissioner should be reversed and the matter remanded for a proper hypothetical question to a vocational expert.

Therefore, the Magistrate Judge recommends that this matter be reversed and remanded for action consistent with this opinion.  This should be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

DATED this 10th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE